# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1246
Lower Tribunal No. 21-5567-CA-01
_____

**Richard M. Samuel,**
Appellant,

vs.

**Hamptons West Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Richard M. Samuel, in proper person.

Poliakoff Backer, LLP, and Kenneth E. Zeilberger (Boca Raton), for appellee.

Before EMAS, MILLER and GOODEN, JJ.

EMAS, J.

In an earlier appeal involving the same action in the lower tribunal, this court affirmed a trial court's order awarding attorney's fees to Hamptons West Condominium Association, Inc. See Samuel v. Hamptons W. Condo. Ass'n, Inc., 352 So. 3d 907 (Fla. 3d DCA 2022). In addition to affirming the award of trial court attorney's fees, we granted Hamptons West's motion for appellate attorney's fees as the prevailing party on appeal, and remanded the matter to the trial court to fix the amount of appellate attorney's fees to be awarded.

The trial court held a thirty-minute hearing by Zoom, and thereafter rendered a final order awarding $10,595 in appellate attorney's fees (and $1,000 in costs) to Hamptons West.

This appeal followed, and upon our review we affirm, finding without merit any of the contentions raised by Samuel, including his claim that the trial court abused its discretion, and failed to afford Samuel due process, in denying Samuel's request for a continuance of the hearing. Instead, the record reveals that the trial court had previously rescheduled the hearing on at least two occasions to accommodate the schedule of Samuel, who was proceeding pro se. Samuel was on notice of this thirty-minute remote hearing for at least two months, and the trial court acted well within its broad discretion in denying this additional request (made three days before the

2

hearing) for another continuance of the hearing.  See Tropical Jewelers, Inc. v. NationsBank, N.A. (South), 781 So. 2d 381, 383 (Fla. 3d DCA 2000) ("A motion for continuance . . . is addressed to the sound judicial discretion of the trial court and absent an abuse of that discretion, the court's decision will not be reversed on appeal.").[1]

Affirmed.

---

[1] We affirm on the remaining claims raised by Samuel, which do not warrant additional discussion.